# EXHIBIT B

LSK&D #: 579-0227 / 4881-7476-9772
SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
---------------------------------------------------------------x
ARACELIS URENA, ALEJANDRINA
BARNABER and CARLOS MARTINEZ,     Index No.: 808981/2023E

                         Plaintiffs,

                                                                    **VERIFIED ANSWER**

             -against-

DBA CENTRAL TRANSPORT and NAESCHE
YAMIL BRUNO MAISONET,

                         Defendants.
---------------------------------------------------------------x

       Defendants, CENTRAL TRANSPORT LLC s/h/a DBA CENTRAL TRANSPORT and NAESCHE YAMIL BRUNO MAISONET, by its attorneys, LESTER SCHWAB KATZ & DWYER, LLP, answering Plaintiffs' Verified Complaint dated June 9, 2023, respectfully state as follows:

       1.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraphs "1", "2", "3", "28", "29", "30", and '31" of the Verified Complaint.

       2.     Deny each and every allegation contained in paragraphs "4", "5", "6", "7", "9", "13", "18", "22", "34", "35", "36", "37", "39", "40", "41", "42", "43", "44", "45", "46", "47", "48", "49" and "52" of the Verified Complaint.

       3.     Deny any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "8" of the Verified Complaint, except admit that Defendant CENTRAL TRANSPORT LLC was and still is a foreign limited liability company which conducts business in the State of New York.

4. Deny each and every allegation contained in paragraphs "10", "11", "12", "14", "15", "16", "20", "21", "24", "25", 50" and "51"" of the Verified Complaint, but beg leave to refer all questions of law to the Court at the trial of this action.

5. Deny each and every allegation contained in paragraph "19" of the Verified Complaint except admit that at certain times on 4/14/23, Defendant NAESCHE YAMIL BRUNO MAISONET was operating of a motor vehicle bearing an Indiana license plate number 2925290.

6. Deny each and every allegation contained in paragraph "23" of the Verified Complaint except admit that at certain times on 4/14/23, Defendant NAESCHE YAMIL BRUNO MAISONET was hauling an Indiana trailer bearing AP registration number PA38563.

7. Deny each and every allegation contained in paragraph "26" of the Verified Complaint, except admit that at certain times on 4/23/23 Defendant NAESCHE YAMIL BRUNO MAISONET was operating the aforesaid vehicle in the course and scope of his employment with CENTRAL TRANSPORT LLC.

8. Deny and knowledge or information sufficient to form a belief as to the allegations contained in paragraph "27" of the Verified Complaint, except admit that Interstate 87, in the county of Westchester and State of New York was and is a public roadway.

9. Defendants neither admit nor deny the allegations contained in paragraph "32" of the Verified Complaint.

10. Deny each and every allegation contained in paragraph "33" of the Verified Complaint except admit that on April 14, 2023, at the aforesaid location there was contact between the aforesaid motor vehicle leased by Defendant CENTRAL TRANSPORT LLC and another vehicle.

11. Deny each and every allegation contained in paragraph "38" of the Verified Complaint except admit that on April 14, 2023, at the aforesaid location there was contact between the aforesaid motor vehicle driven by Defendant NAESCHE YAMIL BRUNO MAISONET and another vehicle.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE

12. That any injuries and/or damages sustained by the plaintiffs, as alleged in the Complaint herein, were caused in whole or in part by the contributory negligence and/or culpable conduct of each plaintiff and not as a result of any contributory negligence and/or culpable conduct on the part of the answering defendants.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE

13. That Plaintiff has failed to mitigate their damages by not availing themselves of the benefits of The Patient Protection and Affordable Care Act (Public Law 111-148) and The Health Care and Education Affordability Reconciliation Act (Public Law 111-152), which would permit them to obtain all necessary health care required to treat, remediate and/or resolve all of their claimed accident-related injuries and sequelae.

14. Therefore, Plaintiffs' claims for future medical care must be dismissed.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

15. The plaintiffs were negligent in not wearing a seat belt at the time of the occurrence and under the applicable law may not recover damages for those injuries which plaintiff would not have received if a seat belt had been worn.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

16. That the defendants were not served in accordance with the provisions of the Civil Practice Law and Rules and the court, therefore, lacks jurisdiction over the entity of the defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

17. In the event any plaintiff herein recovers a verdict for personal injury, the amount of such recovery should be reduced by any payment that plaintiffs received under the medical payment provisions of any policy of automobile liability insurance.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

18. Pursuant to General Obligations Law §15-108, plaintiffs' claim should be diminished in whole or in part in any amount paid by or fairly allocable to any party with whom plaintiffs have settled or may settle.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

19. The liability of these defendants, if any, to the plaintiff for non-economic loss is limited to its equitable share, determined in accordance with the relative culpability of all persons or entities contributing to the total liability for non-economic loss, including named parties and others over whom plaintiffs could have obtained personal jurisdiction with due diligence.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

20. In the event plaintiffs recover a verdict or judgment against these defendants, then said verdict or judgment must be reduced pursuant to CPLR 4545(a) by those amounts which have been, or will, with reasonable certainty, replace or indemnify plaintiffs, in whole or in part, for any past or future claimed economic loss, from any collateral source such as insurance, social security, workers' compensation or employee benefit programs.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

21. The plaintiffs did not sustain serious injury as defined by Section 5102(d) [formerly Section 671 (4)a and(4)b] of the Insurance Law of the State of New York, and their exclusive

remedy therefore is confined and limited to the benefits and provisions of Article 51 of the Insurance Law of the State of New York.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST THE PLAINTIFF, ARACELIS URENA, THE DEFENDANTS, CENTRAL TRANSPORT LLC S/H/A DBA CENTRAL TRANSPORT AND NAESCHE YAMIL BRUNO MAISONET, ALLEGE:

22. If plaintiff sustained damages in the manner alleged in the verified complaint, all of which are denied by the answering defendants, such damages were caused by reason of the negligence, breach of contract, obligation or warranty of the plaintiff above named.

23. By reason of the foregoing, this answering defendants are entitled to contribution and/or indemnification from, and to have judgment over and against, the plaintiff above named, for all or part of any verdict or judgment that plaintiff may recover against the answering defendants.

**WHEREFORE**, this answering defendants demand judgment dismissing the verified complaint, or in the event the plaintiffs recover a verdict or judgment against the answering defendants, then the defendants demand judgment over against the plaintiff above named, together with the attorneys' fees, costs and disbursements of this action.

Dated:     New York, New York
            July 13, 2023

Yours, etc.

LESTER SCHWAB KATZ & DWYER, LLP

*Jessica A. Brewer*

Jessica A. Brewer
Attorneys for Defendants
CENTRAL TRANSPORT LLC s/h/a DBA CENTRAL TRANSPORT and NAESCHE YAMIL BRUNO MAISONET
100 Wall Street
New York, New York 10005
(212) 964-6611

TO:

Jonathan Shalom, Esq.
105-31 Metropolitan Avenue
Forest Hills, NY 11375
Attorneys for Plaintiffs
T: (718) 971-9474

## ATTORNEY'S VERIFICATION

The undersigned affirms the following statement to be true under the penalty of perjury pursuant to Rule 2106 of the Civil Practice Law and Rules.

That she is an associate of the firm of LESTER SCHWAB KATZ & DWYER, LLP, attorneys for Defendants, CENTRAL TRANSPORT LLC s/h/a DBA CENTRAL TRANSPORT and NAESCHE YAMIL BRUNO MAISONET.

That she has read the foregoing document and knows the contents thereof, and that the same is true to the knowledge of your deponent except as to the matters therein alleged upon information and belief and that as to those matters she believes them to be true.

That the reason why this affirmation is being made by your deponent and not by the said defendants is that said corporation does not maintain an office with an officer having knowledge of the facts in the county where your affirmant's firm maintains its offices.

That the source of your deponent's information and the grounds of her belief as to all the matters therein alleged upon information and belief are reports from and communications had with said corporation.

Dated: New York, New York
July 13, 2023

*Jessica A. Brewer*

**Jessica A. Brewer**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-----------------------------------------------------------------x
ARACELIS URENA ALEJANDRINA
BARNABER and CARLOS MARTINEZ,                Index No.: 808981/2023E

                               Plaintiffs,
                                             **VERIFIED ANSWER**

       -against-

DBA CENTRAL TRANSPORT and NAESCHE
YAMIL BRUNO MAISONET,

                               Defendants.
-----------------------------------------------------------------x

**LESTER SCHWAB KATZ & DWYER, LLP**

ATTORNEYS FOR   **Defendants**
**CENTRAL TRANSPORT LLC S/H/A DBA**
**CENTRAL TRANSPORT AND NAESCHE**
**YAMIL BRUNO MAISONET**

100 WALL STREET
NEW YORK, N.Y. 10005
(212) 964-6611
FAX: (212) 267-5916